UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                                      Case No.

TARASKA, KRZYSZTOF,                                         6:09-bk-05911-KSJ
TARASKA, EDYTA,

        Debtor(s).
_____/

THIRD AMENDED CHAPTER 13 PLAN

The debtor hereby submits the following Chapter 13 Plan:

1. The future earnings of the Debtor are submitted to the supervision and control of the Bankruptcy Court, and the debtor shall pay to the trustee the sum of **$810.00** per month in months one (1) through four (4); then $**1,655.00** per month in months five (5) through sixty (60). For a plan period of SIXTY (60) months.

2. From the payments submitted by the debtor, the trustee shall make distribution as follows:

    A. **Trustee & Attorney Fees**

    (1) The fees and expenses of the trustee shall be paid over the life of the plan at the rate established by the United States Trustee.

    (2) Debtor owes attorney fees to **Robert Zipperer** in the amount of **$3,000.00** which the trustee shall pay at the rate of **$250.00** per month in months five (5) through seventeen (17).

    B. **Priority & Secured Claims**

    (1) **Wells Fargo Home Mortgage** holds a first mortgage on debtor's residence. The debtors are current and will pay the mortgage outside the plan.

    (2) **Countrywide Home Loan** holds a mortgage on the debtor's investment property located at 69-27 Elliott Ave, Middle Village, NY 11379. The debtors are current and will pay the mortgage outside the plan.

    (3) **Nissan Motor Acceptance Corp** holds a lien in the debtor's 2006 Frontier truck in the amount of **$13,000.00**. This vehicle is not valued and the claim should be paid in full at the contractual interest rate. The monthly disbursement from the trustee should be **$263.59** per month in months one (1) through sixty (60).

    (4) **Regions Bank** holds a lien in the debtor's 2006 Pathfinder in the amount of **$11,000.00**. This vehicle is not valued and the claim should be paid in full at the contractual interest rate. The monthly disbursement from the trustee should be **$223.04** per month in months one (1) through sixty (60).

    (5) **Mericap Credit Corp** holds a lien on the debtor's tractor trailer equipment in the amount of **$34,120.32**. This claim is not valued and should be paid in full at the contractual interest rate of 13.0%. The monthly disbursement from the trustee should be **$250.00** per month in months one (1) through four (4); then **$762.50** per month in months five (5) through sixty (60).

    C. **Unsecured Claims**

       The trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided.

       The value as of the date of the filing of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtors was liquidated under Chapter 7 of the Bankruptcy code on such date.

3. Any creditor's claim filed after the bar date (or 180 days from the date of debtor's filing for governmental units) will receive no distribution under this plan unless specifically provided for above or unless debtor files the same on behalf of a creditor.

4. All creditors shall retain their liens to the extent permitted by 11 U.S.C. Sec. 506(d).

5. To satisfy the requirements of Section 365 of the Bankruptcy Code, debtor hereby expressly assumes all of his leases and executory contracts in which he is now a party and no lease or executory contract entered into by debtor is being rejected.

6. Title to debtor's property shall revest in the debtor upon confirmation of this plan.

7. Except as provided for in the plan, the order confirming plan or other court order, no interest, late charges, penalties or attorney's fees will be paid or accessible by any creditor.  11 U.S.C. Section 1327(a) provides:

       *"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."*

8. Once the debtor successfully completes the Chapter 13 plan and a discharge is entered by the Court, NO CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE with the exception of federally secured/non-dischargeable student loans.

This 8th day of September, 2009.

/s/ Robert Zipperer
_____
Robert H. Zipperer
Attorney for Debtor(s)
224 S. Beach St., Suite 202
Daytona Beach, FL 32114
Florida Bar Number: 196525
(386) 226-1151
(386) 238-3956 – facsimile

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Third Amended Chapter 13 Plan has been furnished by prepaid US Mail to all interested parties on the attached mailing matrix (obtained from the clerk's office within ten days of date of service) this 8th day of September, 2009.

/s/ Robert Zipperer
_____
Robert Zipperer
Attorney for Debtor(s)